IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK LYLE BELL | § | |
| VS. | § | CIVIL ACTION NO. 5:22-CV-25 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Mark Lyle Bell, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges he was denied due process during a disciplinary proceeding.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On March 1, 2021, the petitioner was charged in disciplinary case number 20210124446 with threatening to inflict harm on a member of the mailroom staff. On March 4, 2021, the petitioner was found guilty of the disciplinary infraction. As punishment, the petitioner was sanctioned with 30 days of recreation, commissary, and cell restriction, and a reduction in time earning class. The petitioner appealed the guilty finding through the inmate grievance procedure, but his grievances were denied at both steps.

## Analysis

Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, the only sanction that imposes upon a liberty interest is the loss of good time credits for inmates whose release on mandatory supervision will be delayed by the loss of the credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

The petitioner is not eligible for mandatory supervision because he is serving a life sentence. *See Ex parte Franks*, 71 S.W.3d 327 (Tex.Crim.App. 2001) (holding that an inmate with a life sentence is not eligible for release to mandatory supervision). Because the punishment the petitioner received for the disciplinary case did not present an atypical or significant hardship, prison officials were not required to afford petitioner with the procedural safeguards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), before assessing punishment. Therefore, the petition for writ of habeas corpus should be denied.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 7th day of February, 2022.**

*[signature: Caroline M. Craven]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE